# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 14-MC-970 (JFB)

ANDREW THALER, TRUSTEE OF THE BANKRUPTCY ESTATE OF ISLAND RESOURCES CORPORATION AND ISLAND ENVIRONMENTAL GROUP, LLC,

Plaintiff,

VERSUS

IAN PARKER, JOSEPH KALINOWSKI; COREY WIESGLASS; CHRISTOPHER FERRARA, AS CO-ADMINISTRATOR OF THE BANKRUPTCY ESTATE OF PETER FERRARA, SR.; CARL ESPOSITO; ANDREW PUPPO; KREITZMAN & KRETZMAN, CPA; AND CELLMARK, INC.,

Defendants.

**MEMORANDUM AND ORDER**
December 9, 2014

JOSEPH F. BIANCO, District Judge

Defendant Christopher Ferrara ("defendant" or "Ferrara") moves the Court to withdraw the reference to the U.S. Bankruptcy Court for the Eastern District of New York ("the Bankruptcy Court") in *Thaler v. Parker, et al.*, 14-AP-8161 (REG), an adversary proceeding against him in the Bankruptcy Court, pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Rule 5011-1 of the Local Bankruptcy Rules for the Eastern District of New York.[1] Defendant argues that he should not be subject to the Bankruptcy Court's jurisdiction because the requirements for permissive withdrawal of the reference are satisfied. Andrew Thaler ("the Trustee" or "Thaler"), the Trustee of Island Resources Corporation and Island Environmental Group's ("the Debtors," or "IRC" and "IEG") Bankruptcy Estate, opposes. For the following reasons, the Court denies the motion to withdraw the reference at this juncture. The denial is without prejudice to a future motion at a later stage of the proceedings.

I. BACKGROUND

On May 7, 2012, the Debtors filed voluntary petitions for relief from their creditors pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (Trustee Opp. Decl. ¶ 5.) On May 30,

---

[1] The adversary proceeding is related to the underlying bankruptcy proceeding, *In re Island Resources Corp.*, 12-BK-72900 (REG). A review of the record in the adversary proceeding does not indicate that the Bankruptcy Court stayed the matter pending this Court's disposition of the present motion.

2013, the pending bankruptcy actions, which had been consolidated, were converted to cases under Chapter 7 of the Bankruptcy Code. (*Id.* ¶¶ 6-7.)

Following the conversion and consolidation of the bankruptcy petitions, the Trustee initiated several adversary proceedings to recover assets of the bankruptcy estates. (*Id.* ¶¶ 8-9.) The adversary proceeding at issue in this action was filed in Bankruptcy Court on May 29, 2014, against six individual defendants, including Ferrara. The Trustee's complaint alleges, *inter alia*, that the individual defendants, who were corporate officers of the IRC and IEG, mismanaged corporate funds. Accordingly, the complaint asserts claims against Ferrara for breach of fiduciary duty, gross negligence, fraudulent conveyance, and for a declaratory judgment regarding the legal status of several money transfers.

On August 13. 2014, Ferrara filed a motion to withdraw the reference of the adversary proceeding to the Bankruptcy Court. The Trustee filed an opposition to that motion on September 4, 2014, and Ferrara filed a reply in further support of the motion on September 16, 2014. The Court heard oral argument on December 5, 2014.

## II. STANDARD OF REVIEW

District courts have original jurisdiction over civil proceedings "arising under" or "related to" bankruptcy cases brought pursuant to Title 11 of the United States Code, 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 157(a), each district court may refer "any or all" bankruptcy proceedings "to the bankruptcy judges for the district." The Eastern District of New York has a standing order that provides for automatic reference of bankruptcy cases to the Bankruptcy Court ("1986 Standing Order"). *Eastern District Administrative Order* 264 (1986); *see In re Global Aviation Holdings Inc.*, 496 B.R. 284, 286 (E.D.N.Y. 2013). The district court, however, retains the authority to withdraw the reference in two circumstances. *See* 28 U.S.C. § 157(d).

First, § 157(d) provides for mandatory withdrawal "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d); *see In re Global Aviation Holdings*, 496 B.R. at 286. Mandatory withdrawal is neither at issue nor relevant to the present motion before this Court.

Second, § 157(d) provides for permissive withdrawal, whereby a "district court may withdraw, in whole or in part, any case or proceeding referred to under this section, on its own motion or on timely motion of any party, for any cause shown." 28 U.S.C. § 157(d). "In determining whether a party has shown 'cause,' courts consider factors including 'whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law.'" *In re Murphy*, 482 F. App'x 624, 628 (2d Cir. 2012) (quoting *In re Orion Pictures, Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)); *see Nisselson v. Salim*, No. 12 Civ. 92 (PGG), 2013 WL 1245548, at *3 (S.D.N.Y. Mar. 25, 2013) (explaining that the court should consider "(1) whether the bankruptcy court has constitutional authority to enter a final decision; (2) judicial economy; (3) uniformity in bankruptcy administration; (4) economical use of debtors' and creditors' resources; (5) reduction of forum shopping and confusion; (6) expediting the bankruptcy process; and (7) the presence of a jury demand" (citations and footnotes omitted)). No single factor is dispositive, but the *Orion* court considered

the most important inquiry to be whether or not the claim falls within the bankruptcy court's core jurisdiction. *In re Global Aviation Holdings*, 496 B.R. at 286–87.[2]

Recently, however, the Supreme Court emphasized that finding that a matter is core does not ensure that the bankruptcy court has the constitutional authority to adjudicate it. *Stern v. Marshall*, 131 S. Ct. 2594, 2608 (2011). Instead, a bankruptcy court may enter final judgment only (1) if the claim involves a public right; (2) the process of adjudicating the creditor's proof of claim would resolve a counterclaim; or (3) the parties consent to final adjudication by the bankruptcy court. *Dynegy Danskammer, L.L.C. v. Peabody COALTRADE Int'l Ltd.*, 905 F. Supp. 2d 526, 530 (S.D.N.Y. 2012); *accord In re Global Aviation Holdings*, 496 B.R. at 287; *see also In re Lyondell Chem. Co.*, 467 B.R. 712, 719–20 (S.D.N.Y. 2012) ("*Stern* thus stands for the proposition that a bankruptcy court lacks final adjudicative authority over a core claim when each of these three conditions is met."). Accordingly, after *Stern*, the relevant inquiry under the first prong of the *Orion* test is not whether a matter is core or non-core, but whether the bankruptcy court has the authority to finally adjudicate the matter. *In re Arbco Capital Mgmt.*, 479 B.R. at 262 (citations omitted).

The moving party bears the burden of showing that permissive withdrawal of the reference is warranted. *Nisselson*, 2013 WL 1245548, at *3 (citing *In re Ames Dept. Stores, Inc.*, No. M-47(PKL), 1991 WL 259036, at *2 (S.D.N.Y. Nov. 25, 1991)).

To bridge the apparent statutory gap that followed from *Stern*'s holding that bankruptcy courts lacked the constitutional authority to enter final judgment on certain core proceedings, the 1986 Standing Order was amended in December 2012 as follows:

> [I]f a bankruptcy judge or district judge determines that a bankruptcy judge cannot enter a final order or judgment consistent with Article III of the United States Constitution in a particular proceeding referred under this order and designated as core under section 157(b) of title 28, unless the district court orders otherwise, the bankruptcy judge shall hear the proceeding and submit proposed findings of fact and conclusion of law to the district court[.] . . .
>
> [T]he district court may treat any order or judgment of the bankruptcy court as proposed findings of fact and conclusions of law in the event that the district court concludes that a bankruptcy judge could not enter that

---

[2] In response to the Supreme Court's holding that it was unconstitutional for a bankruptcy court to enter a final judgment adjudicating state-law contract claims against a party who was not otherwise a part of the bankruptcy proceeding, *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 88 (1982), Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984, 28 U.S.C. § 157 (the "1984 Act"). The 1984 Act empowers bankruptcy courts to hear, determine, and enter final judgment on core matters, including "matters concerning the administration of the estate," and "proceedings to determine, avoid, or recover fraudulent conveyances." 28 U.S.C. § 157(b)(1)(A), and, (H). With respect to non-core matters, the 1984 Act requires "any final order or judgment [to] be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1). As Judge Oetken explained in *In re Arbco Capital Management, LLP*, 479 B.R. 254 (S.D.N.Y. 2012), before 2011, "it was widely understood that, pursuant to the 1984 Act, the Bankruptcy Court had the authority to finally resolve core matters, while it lacked such authority with respect to non-core matters." *Id.* at 260.

order or judgment consistent with Article III of the United States Constitution.

*Eastern District Administrative Order 601* (2012) ("2012 Standing Order"). Most recently, the Supreme Court has held that 28 U.S.C. § 157(c)(1) permits *Stern* claims to proceed as non-core before a bankruptcy court. *See Exec. Bens. Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2173 (2014); *Sheldrake Lofts LLC v. Remediation Capital Funding*, No. 14-CV-4274, 2014 U.S. Dist. LEXIS 160833, at *7 (S.D.N.Y. Nov. 15, 2014) (applying *Arkinson* and denying a motion to withdraw the reference). Under these circumstances, "the bankruptcy court simply treats the claims as non-core: The bankruptcy court should hear the proceeding and submit proposed findings of fact and conclusions of law to the district court for *de novo* review and entry of judgment." *Arkinson*, 134 S. Ct. at 2173.

### III.  DISCUSSION

Defendant argues that the reference should be withdrawn because the requirements for permissive withdrawal are satisfied. For the reasons set forth below, the Court concludes that withdrawal is not warranted at this juncture, even though the Bankruptcy Court lacks the constitutional authority to enter final judgment on the claims against Ferrara.

### A.  Final Adjudicative Authority

The Court briefly addresses the Bankruptcy Court's final adjudicative authority, although the Trustee concedes that the Bankruptcy Court lacks the constitutional authority to finally adjudicate his claims against Ferrara.

#### 1.  Public or Private Right

The Trustee concedes that his claims are classified as core under 28 U.S.C. §§ 157(b)(2)(E), 157(b)(2)(H) and 158(b)(2)(O), and that they do not fall under the public rights exception to *Stern*. (Trustee Mem. at 4.) *See In re Arbco Capital Mgmt.*, 479 B.R. at 264–66 (concluding that, pursuant to *Stern*, fraudulent conveyance claims designed to augment the bankruptcy estate involve private rights); *In re Lyondell Chem. Co.*, 467 B.R. 712, 721 (Bankr. S.D.N.Y. 2012) ("Under both *Stern* and *Granfinanciera*, then, it is axiomatic that a fraudulent conveyance claim against a person who has not submitted a claim against a bankruptcy estate, brought solely to augment the bankruptcy estate, is a matter of private right."). Therefore, the first exception is not applicable in this case.

#### 2.  Proof of Claim

A creditor may subject itself to the binding authority of the bankruptcy court by filing a proof of claim against the bankrupt estate. *In re Arbco Capital Mgmt.*, 479 B.R. at 262–63 (citing *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) ("[B]y filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power.")); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 59 n. 14 (1989) ("By presenting their claims respondents subjected themselves to all the consequences that attach to an appearance . . . .")). This exception does not apply here because the defendant has not filed a proof of claim against the estate to be resolved in connection with this adversary proceeding.

#### 3.  Consent

Finally, the Trustee does not contest that Ferrara has not consented to the jurisdiction

4

of the Bankruptcy Court. Thus, this factor does not apply here.

Accordingly, because (1) plaintiff's claims involve private rights, (2) defendant has filed no proof of claim, and (3) he has not consented to final judgment by the Bankruptcy Court, this Court concludes that the Bankruptcy Court lacks final authority to adjudicate these claims and that final judgment must be entered by an Article III court. The Court next considers the remaining *Orion* factors and concludes that they weigh in favor of maintaining the reference to the Bankruptcy Court at this juncture.

### B. Other *Orion* Factors

Considerations of judicial efficiency, economical use of the parties' resources, forum shopping, and expediting the bankruptcy proceeding weigh heavily against withdrawing the reference at this juncture. As a general matter, the Bankruptcy Court is more familiar with core proceedings, which are customarily adjudicated by bankruptcy courts. *Nisselson*, 2013 WL 1245548, at *6. The Second Circuit has cautioned that "hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues." *Orion*, 4 F.3d at 1101. This warning is particularly apt here, where the Bankruptcy Court is administering the entirety of the action against all of the defendants, and is more intimately familiar with the facts, circumstances, and legal issues surrounding the Debtors' bankruptcy case and the adversary proceeding. *See In re Lyondell Chem.*, 467 B.R. at 723–24 (denying motion to withdraw the reference where bankruptcy court had overseen discovery and begun work on several motions); *In re Extended Stay*, 466 B.R. at 206 ("Judicial economy would be promoted by allowing the bankruptcy court, already familiar with the extensive record in this case, to initially adjudicate these cases."). It is often more efficient for a bankruptcy judge to hear an adversary proceeding in the first instance, and this is especially true for bankruptcy cases in this Court. As Judge Cogan has noted in denying a similar motion to withdraw the reference:

> In this district, it is the almost universal practice to have all non-dispositive pretrial matters disposed of by Magistrate Judges. It is a widely used, although not near universal, practice to have Magistrate Judges render a Report and Recommendation on dispositive motions. Like Bankruptcy Judges, absent consent, Magistrate Judges cannot render final judgments in cases which are referred to them. If the case is not disposed of in a pretrial motion, the Magistrate Judge will alert the District Court Judge that the case is ready for trial by the District Court Judge. So what [the Movant] is effectively proposing is that we withdraw the adversary proceeding from one non-Article III judge upon which it will likely be referred to another non-Article III judge.

*In re USA United Fleet, Inc.*, 13-mc-768, 2014 U.S. Dist. LEXIS 88206, at *3 (E.D.N.Y. June 27, 2014). Thus, it would be more efficient for the Bankruptcy Court to propose findings of fact and conclusions of law in the first instance than for this Court to withdraw the reference at this stage.[3]

---

[3] There is no indication that forum shopping motivated defendant, as opposed to a genuine belief that the Bankruptcy Court lacks subject matter jurisdiction. *Cf.* *In re Lyondell Chem.*, 467 B.R. at 725 ("It is unclear whether the defendants are engaged in forum shopping or simply believe that withdrawal of the reference will

Lastly, defendant asserts his demand for a jury trial is a reason to withdraw the reference to the Bankruptcy Court. This argument is premature, because the prospect of a trial is purely speculative at this juncture. *See Lehman Bros. Holdings v. Wellmont Health System*, No. 14 Civ. 1083, 2014 U.S. Dist. LEXIS 98041, at *14-15 (S.D.N.Y. July 18, 2014) ("The right to a jury trial is less relevant at an early stage in the proceedings, particularly where considerations of judicial efficiency weight against withdrawal of a bankruptcy reference.") (collecting cases); *Ball v. Soundview Composite Ltd.*, 14-CV-3179, 2014 U.S. Dist. LEXIS 91267, at *22 (S.D.N.Y. July 3, 2014) (denying motion to withdraw the reference and permitting defendant to renew the motion to withdraw the reference if motions for summary judgment are denied and the case requires a jury trial); *Nisselson*, 2013 WL 1245548, at *3, 6 (denying motion to withdraw reference based on jury demand because bankruptcy court retained jurisdiction over all pre-trial matters, including a determination of whether defendants had waived any right to a jury trial, and because demand was premature at that stage of proceedings); *In re Enron Corp.*, No. 04 Civ. 7950 (NRB), 2005 WL 356856, at *5 (S.D.N.Y. Feb. 15, 2005) ("[C]ourts often find it appropriate to defer withdrawing the reference until a case is trial ready.") (internal quotation omitted).

Here, the adversary proceeding has not yet advanced into discovery. This action should be adjudicated by the Bankruptcy Court until the parties present motions that require the District Court to review any objections to the bankruptcy judge's proposed findings and conclusions, in accordance with *Arkison* and the 2012 Standing Order, before the Court can decide whether to withdraw the reference on the basis of a demand for a jury trial.

Accordingly, the Court concludes that the *Orion* factors weigh against the permissive withdrawal of the reference at this juncture.

### IV. CONCLUSION

For the foregoing reasons, the motion to withdraw the bankruptcy reference is denied without prejudice. The Clerk of the Court is directed to remand this matter to the Bankruptcy Court and to close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: December 9, 2014
Central Islip, NY

\* \* \*

The Trustee is represented by Anthony F. Giuliano of Pryor & Mandelup, L.L.P., 675 Old Country Road, Westbury, NY 1590. Defendant Ferrara is represented by Michael S. Amato and Thomas A. Telesca of Ruskin Moscou Faltischek PC, East Tower, 15th Floor, 1425 RXR Plaza, Uniondale, NY 11556.

---

reduce the time and expense of litigation."). Therefore, this consideration is neutral.